UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN ALICE CANNON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:23-cv-388

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation (ECF No. 16). Defendant filed a response in opposition to Plaintiff's objections (ECF No. 17), incorporating by reference the arguments he previously made in opposition to Plaintiff's appeal (*see* ECF No.12). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order.

*First Objection.* Plaintiff's first objection concerns the Magistrate Judge's application of 20 C.F.R. §§ 404.1520(e) and 416.920(e), specifically relating to the evidence supporting the Administrative Law Judge (ALJ)'s residual functional capacity (RFC) determination. On appeal,

Plaintiff argued that the ALJ's finding was not supported by substantial evidence because "he inexplicably failed to incorporate any limitation for social interaction into the RFC" (Initial Brief, ECF No. 11 at PageID.812).  The Magistrate Judge rejected Plaintiff's arguments, concluding that the ALJ correctly noted in his three-step finding of a mild limitation for social interaction that a mild limitation is not an RFC assessment and the "ALJ's discussion demonstrates that he found that Plaintiff's mild limitation did not affect her ability to work" (R&R, ECF No. 15 at PageID.850–52).

In the instant objection, Plaintiff indicates that she "agrees with the Magistrate Judge's statement that an ALJ need not always incorporate step three findings of mild limitations into the RFC" but "takes exception to the Magistrate Judge's conclusion that [the] 'ALJ's discussion demonstrates that he found that Plaintiff's mild limitation did not affect her ability to work." (Pl. Objs., ECF No. 16 at PageID.858–59) (quoting R&R, ECF No. 15 at PageID.851–52).  Plaintiff further argues that "[w]hile the ALJ did identify medical and opinion evidence of Plaintiff's mental impairments in his RFC discussion, there is nothing within that recitation to explain why the RFC contains restrictions for *most*, but not *all*, of Plaintiff's mental limitations, despite the ALJ's step three finding" (Pl. Objs, ECF No. 16 at PageID.859) (emphasis in original).

Plaintiff's objection lacks merit.  The Magistrate Judge rejected Plaintiff's argument on appeal because, in addition to the ALJ's discussion demonstrating his finding that Plaintiff's mild limitation did not affect her ability to work, "[t]he ALJ's discussion . . . creates a logical bridge between his step-three finding and his determination that the evidence did not warrant any social interaction limitation" (R&R, ECF No. 15 at PageID.852).  In addition, the Magistrate Judge noted that Plaintiff's citation of evidence that she had difficulty getting along with others was "simply an invitation for the Court to reweigh the evidence, which it may not do" (*id.*).  While Plaintiff

2

may disagree with the result of the Magistrate Judge's determination, her objection reveals no factual or legal error by the Magistrate Judge. Plaintiff's argument simply amounts to yet another request that the Court reweigh the evidence and reach a different conclusion, which is not a proper basis for reversal. *See Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 398 (6th Cir. 2016); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("If it is supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently."). Therefore, Plaintiff's objection is properly denied.

**Second Objection.** In her second objection to the Magistrate Judge's Report and Recommendation, Plaintiff argues that this Court should "reject [the] Magistrate Judge['s] . . . finding that the ALJ did not commit legal error in his evaluation of NP Lee's opinion (Pl. Objs., ECF No. 16 at PageID.859). Plaintiff further argues that the "ALJ offers little more than conclusory statements about a lack of studies or evidence of circulation problems to discredit NP Lee's opinion that Plaintiff requires unscheduled breaks every hour" and that the Magistrate Judge improperly "attempts to bolster the ALJ's analysis by pointing to evidence elsewhere in the record" (*id.* at PageID.860).

Plaintiff's objection lacks merit. On appeal, Plaintiff argued that the ALJ "committed legal error in evaluating the opinion of Jeffrey Lee, NP-C" ("Lee") (Initial Brief, ECF No. 11 at PageID.816). The Magistrate Judge rejected this argument, concluding that "the ALJ properly evaluated the persuasiveness of Mr. Lee's opinion, and that his finding of 'not persuasive' is supported by substantial evidence" (R&R, ECF No. 15 at PageID.857). The Magistrate Judge agreed with the ALJ's conclusion that Lee's opinions were not supported because Lee "failed to articulate the basis for his opinions or cite objective medical evidence or clinical findings to

3

support them" (*id.* at PageID.855).  The Magistrate Judge further considered (1) the ALJ's assessment of Plaintiff's lack of significant history of missed appointments in discounting Lee's opinion that Plaintiff would be absent three or four days per month due to her impairments; and (2) the ALJ's determination that the evidence regarding Plaintiff's headaches did not show that the headaches were disabling (*id.* at PageID.855–56).  Contrary to Plaintiff's argument, the Magistrate Judge thoroughly addressed the ALJ's discussion of Lee's opinion and its lack of persuasiveness.  Therefore, Plaintiff's objection is properly denied.

In sum, Plaintiff's objections lack merit, and the Report and Recommendation is properly adopted as the Opinion of the Court.  Accordingly,

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated:  April 29, 2024                              /s/ Jane M. Beckering
                                                    JANE M. BECKERING
                                                    United States District Judge